UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------
: 
JAMES EDWARDS, et al., :
: CASE NO. 1:16-CV-727
Plaintiffs, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 15]
VIVINT, INC., et al., :
:
Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The parties in this Fair Labor Standards Act case jointly propose a protective order allowing them to limit public disclosure of information they designate as confidential.[1] Granting a protective order motion is within the trial court's discretion, but that discretion "'is circumscribed by a long-established legal tradition' which values public access to court proceedings."[2] Unwarranted restriction of court documents hampers the public's ability to act as an important check on judicial integrity.[3] "Thus, documents filed in the court generally must be made available to the public."[4]

Moreover, the fact that all parties jointly seek a protective order or propose a confidentiality agreement does not overcome the general rule against sealing cases and documents.[5]

---

[1] Doc. 15.
[2] *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) *(quoting Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n*, 710 F.2d 1165, 1177 (6th Cir. 1983)).
[3] *See Brown & Williamson*, 710 F.2d at 1179*; see also Wilson v. Am. Motors Corp*., 759 F.2d 1568, 1570 (11th Cir. 1985) (observing that "trials are public proceedings" and that access to court records preserves "the rights of the public, an absent third party").
[4] *Carter v. Welles-Bowen Realty, Inc.*, 628 F.3d 790, 791 (6th Cir. 2010).
[5] *See Proctor & Gamble Co.*, 78 F.3d at 227 (warning district courts against "abdicat[ing their] responsibility to oversee the discovery process and to determine whether filings should be made available to the public" and against

Case No. 16-CV-727
Gwin, J.

A successful protective order motion must show specifically that disclosure of particular information would cause serious competitive or financial harm.[6] Here, the movants fail to meet this standard. The proposed confidentiality agreement is exceedingly broad and unspecific. The movants ask for blanket authority to designate documents as confidential that they mark as "Confidential" based on a "good faith determination that the documents contain information protected from disclosure".[7] However, they have failed to show that public disclosure of any information might cause serious harm or is otherwise warranted.

This Court will not grant the parties' blanket authorization to cloak the entire case under a veil and **DENIES** the proposed stipulated protective order.

IT IS SO ORDERED.

Dated: July 18, 2016                         *s/        James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE

---

"turn[ing] this function over to the parties," which would be "a violation not only of Rule 26(c) but of the principles so painstakingly discussed in *Brown & Williamson*").
[6] *See, e.g.*, *Brown & Williamson*, 710 F.2d at 1179-80.
[7] Doc. 15 at 2.

-2-